30051.  LIFE &. CASUALTY INSURANCE COMPANY *v.*
ELLIS, guardian.

DECIDED DECEMBER 4, 1943.

*Shaw & Shaw,* for plaintiff in error.   *S. W. Fariss,* contra.

STEPHENS, P. J.   W. A. Ellis as guardian of Julia Guice, the beneficiary of a life insurance policy issued by the Life & Casualty Insurance Company of Tennessee to Mrs. Ollie M. Guice, the mother of the minor beneficiary, brought suit against the insurance company to recover on the policy.  The defendant denied that it was indebted to the beneficiary for the full amount of the policy; and alleged that the policy was issued on December 20, 1941, and was not in full force and effect when the insured died because at the time the policy was issued and delivered the insured was not in sound health, and the liability of the insurance company was limited under the terms and conditions of the policy to a return of the premiums paid to it.  The defendant also alleged that a tender of the amount of the premiums paid was refused by the plaintiff and by the beneficiary.

The defendant by amendment further alleged that it was liable only for the return of the premiums paid by reason of the provision in the policy that, "if the insured before its date [meaning the date of the issuance of the policy] had tuberculosis, or diabetes, or cancer, or chronic bronchitis, or disease of the heart or blood vessels, or disease of kidneys, or cirrhosis of the liver," the defendant would be liable under the policy only for the return of the premiums, and that the said Mrs. Ollie M. Guice, the insured, before the date of the issuance and delivery of the policy, and during the year 1939 had "hypertension, or high blood pressure, a serious disease of the blood vessels," which contributed to her death.

The trial of the case resulted in a verdict for the plaintiff for the face amount of the policy with interest.  The insurance company moved for a new trial on the general grounds, and by amendment added three special grounds in which certain excerpts from the charge of the court were assigned as error.  The motion for new trial was overruled, and the defendant excepted.

It appeared from the pleadings and the evidence that the policy sued on was issued on December 20, 1941, and delivered on December 29, 1941; that the insured, who was the mother of the beneficiary, died on February 1, 1942; and that the policy, a copy of which was attached to the petition, contained the following provisions: "Limitation of insurance—Within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of premiums paid thereon: (1) If the insured was not in sound health upon the date of issuance and delivery of this policy, or if the insured before its date had tuberculosis, or diabetes, or cancer, or chronic bronchitis, or disease of the heart or blood vessels, or disease of kidneys, or cirrhosis of the liver." There was evidence from which it appeared that the insured was not in sound health at the time the policy was issued and delivered to her, and also that she had been treated in 1939, and even in 1941, shortly before the issuance of the policy, for an ailment or ailments of the blood vessels and kidneys. However, there was testimony of the beneficiary, who was the daughter of the insured, from which the jury were authorized to find that the insured was in sound health at the time the policy was issued and delivered, and had been in apparent good health and sound physical condition for some years before the issuance of the policy, and had only been sick one or two times with influenza, or other ailments not affecting the heart, kidneys, or blood vessels.

In the first special ground of the motion for new trial error is assigned by the insurance company on the charge of the court as set out in the following excerpt: "The contention of the defendant is that it did issue a policy of life insurance, and that it was issued upon the life of Mrs. Ollie Mae Guice upon the terms and conditions stated in the policy contract. It says it is not liable to the beneficiary therein named, and in this case, the guardian for the beneficiary, for the reason that it was not liable under the terms of the contract, because the deceased was not in sound health; but on the date of the issuance of the insurance policy, she was, and had been for some time prior thereto, suffering with and had been treated for trouble from which she ultimately died, and it says for that reason, the insurance company is not liable. The insurance company says: You paid the premiums to us, but under the terms

of our contract, all it owes you is the return of the premiums paid by you to the insurance company in the sum of $1.00. Now that is the simple issue, gentlemen, which you will determine."

Error is assigned on this excerpt on the ground that it was not a correct statement of the defendant's contentions wherein the court stated that it was the contention of the defendant that it was not liable under the terms of the contract, whereas the defendant did not deny its liability under the contract, but admitted liability for the return of the premiums where it appeared that the insured at the time of the issuance of the policy was not in sound health, or where it appeared that before the issuance of the policy the insured had suffered from certain designated diseases. The court in the excerpt excepted to clearly charged the jury that the defendant denied liability under the contract with the exception of a return of the premiums on conditions stated. There is therefore no merit to this assignment of error.

Error is assigned in the second special ground because the court charged the jury as follows: "If the policy of insurance was issued to Mrs. Guice, as it is agreed upon by both parties, if she was in sound health at the time of the issuance and delivery of this policy, and was suffering from none of these diseases as provided for in the contract of insurance, and the premiums were paid thereon by her, or anyone for her, and in that way the policy was in full force and effect, then I charge you, gentlemen of the jury, that her beneficiary, through her guardian, would be entitled to recover from the insurance company." The defendant contends that this charge limited the liability only to the return of the premiums which had been paid on the policy where the insured was of unsound health at the time of the issuance of the policy, and excluded a consideration of its defense that it would be limited only to a return of the premiums if the insured, before the issuance of the policy, had had certain diseases. The basis for this contention is the language of the charge, "if she was in sound health at the time of the issuance of this policy, and was suffering from none of these diseases as provided for in the contract of insurance;" construing this language to mean that she was suffering from none of these diseases at the time of the issuance of the policy. This charge in the language, "suffering from none of these diseases provided for in the contract," does not demand a construction that it had reference to the existence of

such diseases at the time of the issuance of the policy, but is susceptible of the construction that the court had reference to diseases in existence before the issuance of the policy. The court elsewhere charged the jury as follows: "If it appears to your satisfaction that at the time of the delivery of the policy the insured was not in sound health, or had, prior to the date of the delivery of the policy, a disease of the heart, or blood vessels, or kidneys, which amounted to a serious disease, and which said disease contributed to the death of the insured, then you will find in favor of the plaintiff only in the amount of the premiums paid on the policy, which are admitted to have been $1.00." Therefore it appears that the court clearly and unequivocally submitted to the jury both defenses of the defendant, namely, the liability for the return of the premiums on the insured's not being in sound health at the date of the issuance of the policy, and on the insured's having before the date of the issuance of the policy any of certain enumerated diseases. The charge excepted to was not error.

The charge excepted to in the third special ground of the motion correctly states in the language of a request to charge by the defendant the contentions of the defendant as hereinbefore pointed out. While the court went further, after giving the requested instruction and admonished the jury to look to the evidence, and referred to some of it in detail, and instructed the jury that if they should find that the deceased had suffered a certain disease for "a reasonable time" before the date of the delivery of the policy, and the disease was a serious disease which contributed to, or was the cause of the death of the deceased, the jury should find a verdict in favor of the plaintiff in the sum of $1.00, the amount of premiums which the insured had paid on the policy, neither was the charge as given, which included the request to charge and this additional charge, nor this additional charge, taken separately from the request to charge, prejudicial to the defendant as being a misstatement of the defendant's contentions, or otherwise prejudicial to the defendant.

The evidence authorized the verdict for the plaintiff and no error appears.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, J., concurs. Felton, J., dissents from the ruling on the general grounds only.*